**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

TIMOTHY O'HALLORAN,

                              Plaintiff,

v.                                             Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,     **JURY TRIAL DEMANDED**

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Timothy O'Halloran is a natural person residing in the County of Genesee and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Timothy O'Halloran incurred a credit card debt to Citibank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff defaulted on the subject debt.

12. That Resurgent Capital Services thereafter purchased Plaintiff's account and employed Defendant Mercantile to attempt to collect the subject debt.

13. That in or around May of 2007 Defendant began calling Plaintiff on both his cellular and home telephones.

14. That during one of the aforementioned telephone calls, Defendant left Plaintiff a message stating that he was "assigned to help [Plaintiff] out by the Genesee County Court on a pending legal issue regarding docket number 9198999, showing you as the Defendant." Defendant thereafter stated that he would "like to speak to [Plaintiff] about this and try and get the ordeal resolved before this goes to court." Defendant thereafter provided a telephone number for Plaintiff to call and concluded said message by saying, "It is very important to come to terms on this and try to get this ordeal cleared up some time today."

15. That Defendant called the following day and left another message for Plaintiff on his telephone. During said message Defendant stated, "I left a message for you yesterday regarding these issues that you have with the County Court. Please, by all means, call me back today by three o'clock at the latest. I need to report back to the Court's office whether or not you have been compliant." Defendant thereafter provided his telephone number and concluded said message by saying, "Like I said, I hope you call me back before three o'clock."

16. That Defendant thereafter called Plaintiff from a different telephone number and left another message on his telephone. That during said message, Defendant stated that they were calling from the office of Mercantile "regarding a claim that has been filed against you in my office."

17. That Defendant thereafter called Plaintiff yet again, and left yet another message on Plaintiff's telephone. That during said message, Defendant stated, "I need to get in touch with you as soon as possible today. I am going to report back to the County Court that you have been non-compliant." Defendant continued by adding that a lawsuit would be filed against Plaintiff "with Citibank as the Plaintiff." Defendant thereafter said, "I am making the call [to the Court] at one o'clock, so you have until then."

18. That at no time described herein did Defendant have the authority or intention to proceed with a lawsuit against Plaintiff Timothy O'Halloran for recovery of the subject debt.

19. That as a result of Defendant's repeated use of threats Plaintiff became extremely nervous, upset, anxious, and suffered from severe emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2) and 15 U.S.C. §1692d(5) by engaging in conduct the natural consequence of which was to abuse Plaintiff by repeatedly threatening legal action and by placing a false sense of urgency in responding to Defendant's claims.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(1), 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) by using false representations in an attempt to collect the subject debt by:

          i.   Repeatedly representing to Plaintiff that legal action was pending and that the matter was in Court or going to Court;
          ii.  Implying that Defendant was directly reporting all of Plaintiff's conduct to the County Court in which Plaintiff resides; and
          iii. Providing Plaintiff with a false sense of immediacy in returning Defendant's telephone calls.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Timothy O'Halloran demands trial by jury in this action.

Dated: May 30, 2008

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Timothy O'Halloran affirms that the following statements are true and correct under penalties of perjury:

I am the Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated: April 3, 2008


/s/Timothy O'Halloran__
Timothy O'Halloran